UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KINGSLAND INVESTMENTS, LP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:09CV1804 CDP |
| | ) |
| SCHAEFER GROUP, INC., et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

In this garnishment action, plaintiff Kingsland Investments, LP (Kingsland) seeks to recover, from defendant Capitol Indemnity Corporation, a judgment that Kingsland obtained against defendant Schaefer Group, Inc. in another lawsuit. Kingsland originally filed this action in state court, and defendant Capitol removed on the basis of diversity under 28 U.S.C. § 1332 and § 1441. Kingsland now moves to remand, alleging that complete diversity is lacking because both Kingsland and defendant Schaefer are citizens of Missouri. Kingsland argues that the principal place of business of its general partner, Kingsland Investments, Inc., (Kingsland, Inc.) is located in Missouri, making Kingsland a Missouri citizen. Capitol disagrees, and argues that Kingsland, Inc.'s principal place of business is not in Missouri. I find that the preponderance of the evidence shows that Kingsland, Inc.'s principal place of business is in Missouri, and, accordingly,

Kingsland Investments, LP is a citizen of Missouri for diversity purposes. Because both plaintiff Kingsland and defendant Schaefer are citizens of Missouri, there is no diversity of citizenship, and I lack jurisdiction over this case.

Federal courts are courts of limited jurisdiction. *Myers v. Richland County*, 429 F.3d 740, 745 (8th Cir. 2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). As such, federal courts are authorized to hear cases only as provided by the Constitution and by statute. A party seeking to remove a case to federal court has the burden of establishing federal subject-matter jurisdiction. *In re Bus. Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). If the pleadings inadequately allege citizenship, I may look at the entire record available to determine whether it provides a basis for establishing federal jurisdiction. *Neagle v. Johnson*, 381 F.2d 9 (8th Cir. 1967). When federal jurisdiction is challenged, citizenship must be proven by a preponderance of the evidence. *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005). Here, the burden of proof is on Capitol, as it is the party seeking to invoke federal jurisdiction. *Id*. (citation omitted). Citizenship is determined at the time the suit is filed, not when the cause of action arose, or later when jurisdiction is challenged. *Id*. The question of citizenship for the purpose of determining diversity jurisdiction is a "mixed question of law and fact, but mainly fact." *Id*. (quoting *Blakemore v. Mo. Pac. R.R. Co.*, 789 F.3d 1005, 1012 (8th Cir. 2002)).

A corporation is deemed a citizen of any state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Neither the citizenship of defendant Schaefer (Missouri) nor defendant Capitol (Wisconsin) is in dispute. The parties disagree, however, on the citizenship of plaintiff Kingsland Investments, LP. The citizenship of a limited partnership is determined by the citizenship of its partners, both general and limited. *Buckley v. Control Data Corp.*, 923 F.2d 96 (8th Cir. 1991). Kingsland is an Illinois limited partnership, with one general partner: Kingsland, Inc. Because Kingsland, Inc. is a corporation, it is a citizen of both the state in which it is incorporated, and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). Kingsland, Inc. is incorporated in Illinois. At issue is the location of Kingsland, Inc.'s principal place of business: plaintiff argues that Kingsland, Inc.'s principal place of business is in Missouri, Capitol argues that it is not.

Kingsland, Inc.'s principal place of business is not alleged in either the complaint or the notice of removal. To support its allegation that Kingsland, Inc.'s principal place of business is not in Missouri, Capitol asserts five facts: (1) Kingsland, Inc. is incorporated in Illinois; (2) the only address found in any business filing is one located in Florida; (3) the address of its only officer, Marvin Smollar, is located in Florida; (4) it is not registered or authorized to do business in Missouri; and (5) it has no registered agent in Missouri. Plaintiff does not

dispute that these facts were true at the time the suit was filed. Instead, plaintiff asserts three facts in response, facts it claims establish that Kingsland, Inc.'s principal place of business is in Missouri: (1) its sole business is managing a warehouse located in Missouri; (2) it only pays taxes in Missouri; and (3) it has, since the time the suit was filed, registered to be, and been acknowledged as, authorized to do business in Missouri.

In the Eighth Circuit, courts apply a "total activity" test to determine the location of a corporation's principal place of business. *Capitol Indem. Corp. v. Russellville Steel Co.*, 367 F.3d 831, 836 (8th Cir. 2004). The total activity test looks to all the corporation's activities. *Id*. While the court should not give weight to a direct claim that a corporation maintains a principal place of business in a particular location, because "the ultimate determination of where a corporation maintains its principal place of business is a mixed question of law and fact and not appropriate subject matter for an affidavit," a court may give great weight to "undisputed allegations of fact where the balance of the evidence offers no grounds for rejection." *Id*. Here, the affidavit of Marvin Smollar, president of Kingsland, Inc., alleges not only that Kingsland Inc.'s principal place of business is in Missouri (a legal conclusion to which I give no weight), but also that the only business of Kingsland, Inc. is to manage a warehouse located at 1431 Kingsland Avenue in St. Louis, Missouri. This warehouse, the only asset of Kingsland

Investments, LP, is the subject of the underlying lawsuit in this garnishment action. In that lawsuit, Kingsland won a judgment against Schaefer for damages caused by Schaefer's construction work on the roof of the Kingsland warehouse.

Capitol does not dispute that Kingsland, Inc.'s only business activity is to operate the St. Louis warehouse. Instead, Capitol argues that, because Kingsland, Inc. has no connection to Missouri on the face of its business filings, it cannot be considered to have its principal place of business in Missouri. However, under the total activity test, the location of the sole business activity of a corporation can be decisive. "Where a corporation is engaged in only one business activity, substantially all of whose operations occur in one state . . . the state of operations is the corporation's principal place of business." *Bialac v. Harsh Bldg. Co.*, 463 F.2d 1185, 1186 (9th Cir. 1972); *see also N. Star Hotels Corp. v. Mid-City Hotel Assocs.*, 696 F. Supp. 1265, 1270 (D. Minn. 1988) (where state of incorporation, residence of all officers and directors, location of bookkeeping, corporate offices and policy decisions were in Texas, principal place of business was in Minnesota because sole purpose of the corporation was operating a hotel located in Minnesota); *Hanna Mining Co. v. Minn. Power & Light, Co.*, 573 F. Supp. 1395, 1400 (D. Minn. 1983) (where company was created to hold and operate Minnesota mining interest of its parent company, principal place of business was in Minnesota, even though executive and administrative offices were located

elsewhere). This is true even if all policy and administrative decisions are made elsewhere. *Bialac*, 463 F.2d at 1186. Here, the sworn affidavit of Marvin Smollar establishes that the only business of Kingsland, Inc. is to manage a building located in St. Louis, Missouri. Capitol has not presented any evidence, or even allegations, that Kingsland, Inc. conducts business activities elsewhere.

Rather than allege facts to show that Kingsland, Inc. conducts any business activities in another state, Capitol urges that Kingsland, Inc. has not established that it is a Missouri citizen. Kingsland attached completed tax forms for Kingsland, Inc. to its reply brief. Capitol argues that these forms do not establish that Kingsland, Inc. has its principal place of business in Missouri. Further, Capitol notes that there are no real estate assets listed on the tax forms, which shows that Kingsland, Inc. does not, in fact, own the warehouse in Missouri. While I agree with Capitol that these filled-out Missouri tax forms are not dispositive on the question of Kingsland, Inc.'s principal place of business, they do not, as Capitol alleges, refute Smollar's sworn allegation that Kingsland, Inc.'s sole purpose is to manage the warehouse. Smollar does not claim that Kingsland, Inc. owns the warehouse. In fact, Smollar claims that the warehouse is the sole asset of Kingsland Investments, LP, not Kingsland, Inc. While there is some dispute as to which entity owns the warehouse, under the total activity test, where the sole business activity of the corporation is to manage a building, the location

of that building is considered the principal place of business. *N. Star Hotels Corp.*, 696 F. Supp. at 1270. Further, the fact that Kingsland, Inc. was not registered to do business in Missouri at the time of filing, or the fact that it has since applied and received registration, is also not dispositive of the question of its principal place of business. Kingsland has established, by the undisputed affidavit of Marvin Smollar, that Kingsland, Inc.'s only business activity is to manage a warehouse located in Missouri. Capitol has not provided evidence to dispute this. Under the total activities test, this is enough to establish that Kingsland, Inc.'s principal place of business is in Missouri.

Looking at the record as a whole, the preponderance of the evidence supports a finding that, at the time this suit was filed, Kingsland Investments, Inc. had its principal place of business in Missouri, and is a Missouri citizen for purposes of diversity jurisdiction. Accordingly, plaintiff Kingsland Investments, LP is a citizen of Missouri. Because defendant Schaefer Group, Inc. is also a citizen of Missouri, there is no diversity of citizenship, and I lack jurisdiction over this action. I will grant plaintiff's motion to remand.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [#8] is granted.

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** that this case is remanded to the Circuit Court of St. Louis County, State of Missouri, under 28 U.S.C. § 1447(c).

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 11th day of January, 2010.